# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 12-0954** (Marion County 10-F-168)

**James William Allport,**
**Defendant Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, filed by counsel George Stanton III, arises from the Circuit Court of Marion County, wherein he was sentenced by order dated July 5, 2012, to a term of incarceration of one to five years following his conviction of possession of a controlled substance with intent to deliver. The State of West Virginia, by counsel Scott Johnson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 12, 2010, petitioner was indicted on one count of possession of a controlled substance with intent to deliver. On January 4, 2012, the circuit court held a pretrial hearing to address petitioner's motion in limine objecting to the introduction of witness testimony regarding previous instances of drug purchases. Following a brief hearing on whether the testimony was intrinsic evidence or character evidence pursuant to Rule 404(b) of the West Virginia Rules of Evidence, the circuit court granted a joint continuance of the trial and set a Rule 404(b) hearing.

Following a Rule 404(b) hearing, the circuit court denied petitioner's motion in limine regarding the State's testimony by order entered on February 15, 2012. The circuit court held that the testimony was relevant to prove petitioner's intent to deliver and that the present case was distinguishable from *State v. Taylor*, 215 W.Va. 74, 593 S.E.2d 645 (2004). Additionally, the circuit court held that the nature of the offense necessitated the introduction of the evidence, indicated a pattern of conduct throughout the occupancy of the apartment, and was not so far removed from the time of the arrest that it would overly prejudice the jury. Following a two-day trial, petitioner was found guilty of possession with intent to deliver a controlled substance and sentenced to a term of incarceration of one to five years. Petitioner's sentence was suspended and he was placed on probation for three years.

1

On appeal, petitioner argues that the State failed to properly notify petitioner of its intent to use Rule 404(b) evidence; that the testimony of Mr. George, petitioner's roommate, was more broad than the circuit court's Rule 404(b) order; that the circuit court failed to rule whether the evidence's probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or potential to mislead the jury; and that the circuit court failed to consider undue delay, waste of time, or needless presentation of cumulative evidence.

We have articulated the following standard of review for an appeal of a trial court's admission of 404(b) evidence:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403 [of the West Virginia Rules of Evidence].

*State v. LaRock,* 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996). In *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994), we explained that this Court will "review the trial court's decision to admit evidence pursuant to Rule 404(b) under an abuse of discretion standard." *McGinnis*, 193 W.Va. at 159, 455 S.E.2d at 528. We further stated in *McGinnis*:

> Our function on . . . appeal is limited to the inquiry as to whether the trial court acted in a way that was so arbitrary and irrational that it can be said to have abused its discretion. In reviewing the admission of Rule 404(b) evidence, we review it in the light most favorable to the party offering the evidence, in this case the prosecution, maximizing its probative value and minimizing its prejudicial effect.

*Id.* While the record clearly reflects that the State did not notify petitioner of its intent to introduce Rule 404(b) evidence, the circuit court, without objection, granted a joint continuance of the trial and held a proper *McGinnis* hearing. Thus, any procedural violation that may have excluded the evidence was cured by the joint continuance. Additionally, a review of the record shows that Mr. George's trial testimony was substantially similar to the testimony he gave during the Rule 404(b) hearing. Furthermore, a review of the record shows that the evidence was admissible to show petitioner's intent and that the circuit court gave a limiting instruction after each witness testified. Finally, the circuit court did not abuse its discretion in finding that the nature of the offense necessitates the introduction of the evidence. "[H]istorical evidence of uncharged prior acts which is inextricable intertwined with the charged crime is admissible over a Rule 403 objection." *LaRock*, 196 W.Va. at 313, 470 S.E.2d at 632 (1996). Thus, when viewed in the light most favorable to the State, we find that the circuit court did not err in admitting testimony of petitioner's prior drug deals because the evidence was admissible for a legitimate purpose under Rule 404(b), and not offered to show petitioner's criminal disposition.

2

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3